## Friel Unemployment Compensation Case.

Argued March 7, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Samuel Krimsly,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Richard H. Wagner,* Associate Counsel and *T. McKeen Chidsey,* Attorney General, for appellee.

OPINION BY RENO, J., July 20, 1950:

Friel appealed from the decision of the Unemployment Compensation Board of Review which held that he had good cause for leaving his employment but denied benefits because he was not available for work. He was 69 years old, and left the employ of Charles E. Campbell on April 15, 1949, because he was not physically able to work in the wet areas of his employer's coal mine, and his request for transfer to a dry section was denied. He

registered for work on April 19, 1949, and in his claim for compensation he stated that he: "Retired due to age." During the week ending May 2, 1949, for which compensation was sought, he was in Washington, D. C., arranging for his old age assistance under the Social Security Act of Congress. The finding of the board is sustained by the evidence.

Two months after he left his employment he applied for the pension to which he was entitled as a member of the United Mine Workers of America, and payments began three months later. The question discussed but not decided in *Pendleton Unemployment Compensation Case,* 167 Pa. Superior Ct. 256, 75 A. 2d 3, may be involved in this case.

In his argument and brief, counsel for the board stated that its decision applied only to appellant's claim for compensation for the first week following the waiting period of one week. Counsel explained: "Such a decision is, of course, without prejudice as to a claimant's eligibility during subsequent claim weeks. The test of availability for work is applied weekly to each claim for benefits, based upon the circumstances existing during that week. In the instant case no decision has yet been made on a number of claims which claimant filed subsequent to May 2, 1949. The Bureau, however, has tentatively withheld payment of all claims filed, pending the outcome of this appeal." Accordingly, our order will permit appellant to pursue his claims for the subsequent weeks.

Decision affirmed without prejudice to appellant's right to proceed upon his claims for compensation subsequent to May 2, 1949.