Orkwis Unemployment Compensation Case.

142

Argued April 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Henry R. Orkwis,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., June 13, 1962:

Henry R. Orkwis was last employed as a bricklayer by Cost Brothers, Pittsburgh, Pennsylvania. The employer did not work during the winter months, and claimant was in a lay-off status beginning sometime in November, 1960. His application for benefits for the weeks ending January 11, 1961, through February 1, 1961, was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the

ground that, during that period, he was not available for work under Section 401(d) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 751 et seq. Claimant has appealed.

The Board's decision in the instant case was based upon the following findings of fact: "2. On January 4, 1961, claimant left his home in Apollo, Pa., and traveled to California to seek work, because he had received information to the effect that work was available there eleven months out of the year. 3. After leaving Apollo, Pa., claimant did not travel directly to California; but he traveled to Georgia, Texas, Arizona and then to California, arriving in California on February 1, 1961. 4. During the period at issue the claimant was in travel status; and not registered for work in any employment office".

It should be noted that each claim week stands on a separate and individual basis, and that a claimant must demonstrate his availability for work during that particular week. The availability of this claimant for work, while outside his labor market area, could not be determined unless and until he registered for work at an employment office. Claimant asserts that, after arriving in Tucson, he did register with the Arizona State Employment Service. However, the Bureau representative testified at the remand hearing that claimant merely reported for the purpose of filing an application for benefits, and that he did not register for work. This was a factual issue for the Board to determine, and its finding is conclusive on appeal: *Massano Unemployment Compensation Case,* 197 Pa. Superior Ct. 115, 177 A. 2d 9. Availability for work requires that a claimant be actually and currently attached to the labor force: *Sparano Unemployment Compensation Case,* 193 Pa. Superior Ct. 349, 165 A. 2d 131.

Decision affirmed.