## Stanek *v.* Unemployment Compensation Board of Review.

Argued September 12, 1972, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*Floyd J. Stanek,* appellant, for himself.

*Sydney Reuben,* Assistant Attorney General, with him *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, October 3, 1972:

Floyd J. Stanek has filed separate appeals from two decisions of the Unemployment Compensation Board of Review. One appeal is from the Board of Review's determination that the appellant was ineligible to receive benefits for the week ending January 1, 1971 by reason of his failure to report and file claim on January 8, 1971. The other appeal is from the Board of Review's determination that the appellant was further ineligible for benefits during a two week period between

February 13, 1971 and March 2, 1971 while the appellant was in the State of Iowa caring for his infirm mother and arranging for her placement in a nursing home.

The appellant had been declared eligible for compensation benefits by the Bureau of Employment Services in October of 1970, and regularly reported to the local Bureau office to receive his checks, except for the three weeks in question.

The Board of Review's denial of benefits for the week ending January 1, 1971 was based upon Section 401(b) of the Unemployment Compensation Law, Act of December 5, 1936, P. L. (1937) 2897, as amended, 43 P.S. §801(b), which states as a qualification for compensation that the claimant be ". . . registered for work at, and thereafter . . . [continue] . . . to report at, an employment office in accordance with such regulations as the secretary may prescribe. . . ." The pertinent Regulation requires claimants to report each week and file claim for the previous week of unemployment. The appellant was scheduled to report January 8, 1971 to file claim for the week ending January 1, 1971. He failed to report, the Board of Review found, "because, due to the press of personal business he forgot." This finding has ample support in the record. In a letter to the Bureau of Employment Security dated January 15, 1971 which the appellant has insisted should be a part of the formal record before the Board of Review, he writes:

"During the course of the excitement and my sincere desire to immediately follow-up any and all leads, I simply, temporarily, forgot that Friday, Jan. 8 was my regular date to report for my unemployment check. However, I did appear at my regular reporting window on Monday Jan. 11; but was instructed to report to Station A on my next reporting date, Friday, Jan. 15, as I am now doing.

"Please believe, that at the time, my oversight was unintentional and unknowingly. In short, I simply forgot, but only because I was extremely busy in seeking future employment.

"I deeply regret the inconvenience this oversight may cause your office, but I pray it may be processed without further delay. As of this date, I am still totally unemployed and available for work; any hour of any day as I have my phone on a 24-hour answering service. Nothing would make me happier than to receive a call leading to future employment."

His later testimony in no way contradicts this statement. Mere oversight is not included among the narrow occasions provided by Regulation for waiving the reporting requirement.

While the consequence of appellant's forgetfulness might seem at first blush harsh, we must realize that the purpose of the requirement of weekly reporting is to enable the unemployed to secure employment promptly if a satisfactory job is available. In *Franco Unemployment Compensation Case,* 195 Pa. Superior Ct. 201, 171 A. 2d 583 (1961), a decision of the Board denying benefits for failure to report for three weeks was upheld where the failure to report occurred during a period while a Bureau's determination of ineligibility was on appeal before a referee.

Appellant's compensation for the two weeks in February was denied by the Bureau, the referee and the Board of Review by virtue of Section 401(d) of the Unemployment Compensation Law, 43 P.S. §801(d), providing for compensation while the employee "[i]s able to work and available for suitable work. . . ." The unemployment compensation authorities determined that the appellant was not available for work while he was in Iowa caring for his mother. Appellant vigorously argues that because he notified the Bureau in writing prior to leaving for Iowa leaving information as to

where he could be reached there in the event that employment should become available and because he asserts that he would have been able to return to the area within twenty-four hours, the Board should have found the fact of availability in his favor. The rule is, however, that the employee may render himself unavailable by placing conditions and limitations as to his employment. *Pinto Unemployment Compensation Case,* 168 Pa. Superior Ct. 540, 79 A. 2d 802 (1950). We agree with the Board that the condition that the claimant would be available on twenty-four hours notice if summoned from Iowa rendered him unavailable for work. In *Friel Unemployment Compensation Case,* 167 Pa. Superior Ct. 362, 75 A. 2d 7 (1950), the Board of Review's decision that an employee was unavailable and not entitled to compensation while he was in the City of Washington on personal business was affirmed. Recognizing the impelling cause for the appellant's presence in Iowa we nevertheless cannot conclude that the unemployment compensation authority erred in its determination that appellant was in fact unavailable during this period.

We affirm the Board of Review's decisions in these matters.