Lois M. Stryker, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued June 7, 1974, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Lois M. Stryker*, appellant, for herself.

*Sydney Reuben*, Assistant Attorney General, with him *Israel Packel*, Attorney General, for appellee.

OPINION BY JUDGE MENCER, July 24, 1974:

This opinion involves two separate appeals by Lois M. Stryker from adverse orders of the Unemployment Compensation Board of Review (Board). We have consolidated them for decision in order to avoid repetition.

Appellant was last employed by Electol, Inc., as an assembler at an hourly rate of $2. On November 21, 1972, her employment was terminated after one week

on the job. She then reopened an existing claim for unemployment compensation benefits (originally filed in May of 1972) and was found to be eligible to receive benefits.

Our scope of review in this type of case is confined to questions of law and, absent fraud, a determination as to whether the Board's findings are supported by the evidence. *Shira v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 457, 310 A. 2d 708 (1973).

Appellant first appeals a referee's determination, subsequently affirmed by the Board, that she was ineligible to receive benefits for the work week ending December 7, 1972 because she was not "available for suitable work" at this time, as required by Section 401 (d) of the Unemployment Compensation Law.[1]

The referee found the following as a fact: "2. During the period December 5, through December 9, 1972, claimant was out of her labor market area, visiting in Williamsport, Pennsylvania, on personal business." A review of the record reveals that this finding is adequately supported by testimony given by the appellant at the hearing before the referee. It is, therefore, binding on us. *See Tritex Sportswear, Inc. v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 335, 315 A. 2d 322 (1974).

It is established law in this state that each unemployment compensation week stands on a separate and individual basis, and a claimant must demonstrate his availability for work during that particular week in order to be entitled to compensation. *Orkwis Unemployment Compensation Case,* 198 Pa. Superior Ct. 141, 181 A. 2d 703 (1962). Here, the referee found that appellant was not available for work in her labor market

---

[1] Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §801(d).

on three days of the work week ending December 7, 1972. The only legal conclusion that can result from such a finding is that appellant has failed to demonstrate that she was available for work during this week, as required by Section 401(d). *See Stanek v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 351, 295 A. 2d 198 (1972), and *Friel Unemployment Compensation Case*, 167 Pa. Superior Ct. 362, 75 A. 2d 7 (1950). The referee was, therefore, correct in concluding that appellant was not eligible to receive benefits for the work week ending December 7, **1972.**

Appellant's second appeal is from a referee's determination, also affirmed by the Board, that appellant was ineligible to receive benefits for the work week ending April 12, 1973, under the provisions of Section 402(a) of the Unemployment Compensation Law, 43 P.S. §802(a). This section provides:

"An employe shall be ineligible for compensation for any week—

"(a) In which his unemployment is due to failure, *without good cause*, either to apply for *suitable work* at such time and in such manner as the department may prescribe, or to accept *suitable work* when offered to him by the employment office or by any employer, irrespective of whether or not such work is in 'employment' as defined in this act: Provided, That such employer notifies the employment office of such offer within three (3) days after the making thereof." (Emphasis added.)

The referee's determination was based on the following findings of fact which we have found to be supported by substantial evidence in the record:

"3. On April 9, 1973, claimant was consulted by the local Employment Service Office for referral to the Wm. Bernstein & Co., York, Pennsylvania, for a job as a sewing machine operator at an hourly rate of $2.00.

"4. Claimant failed to accept the referral, or pursue the job prospect as an exercise of personal preference.

"5. At the time claimant had no job commitments elsewhere.

"6. The referral employment was well within claimant's capabilities, paid the prevailing wage rate for similar work in her labor market area, and met the suitability factors set forth under Section 4(t) of the Act." These findings clearly support a conclusion that appellant failed to accept work offered to her. Finding No. 4 also supports the referee's conclusion that appellant's refusal was without good cause. *See Hassey Unemployment Compensation Case,* 162 Pa. Superior Ct. 14, 56 A. 2d 400 (1948). However, we have remaining the question of whether or not the job offered to appellant was "suitable work" under Section 402(a).[2]

Section 4(t) of the Act provides: "(t) 'Suitable Work' means all work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, prior training and experience, and the distance of the available work from his residence. The department shall also consider among other factors the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, his previous earnings, the prevailing condition of the labor market generally and particularly in his usual trade or occupation, prevailing wage rates in his usual trade or

---

[2] The referee found as a fact that the job offered appellant was "suitable work," as this term is defined in Section 4(t) of the Act, 43 P.S. §753(t). However, this determination, although involving factual queries, is ultimately a question of law. We must, therefore, decide whether the referee's determination is correct as a matter of law.

occupation, and the permanency of his residence. However, notwithstanding any other provisions of this subsection no work shall be deemed suitable in which (1) the position offered is vacant, due directly to a strike, lockout, or other labor dispute, or (2) the remuneration, hours or other conditions of the work offered are substantially less favorable to the employe than those prevailing for similar work in the locality, or (3) as a condition of being employed, the employe would be required to join a company union, or to resign from, or refrain from joining, any bona fide labor organization."

After examining the relevant facts of this case against the criteria in Section 4(t), we find that the referee was legally correct in determining that the sewing machine operator's job offered appellant was suitable work. *See Shay Unemployment Compensation Case,* 424 Pa. 287, 227 A. 2d 174 (1967).

Appellant's work history reveals that she has had a number of jobs in an assortment of positions such as waitress, assembler, laborer, packer, and wireworker. All of these jobs were of a type requiring little or no training or experience and are similar in nature to the sewing machine operator's job for which she refused to apply. Another factor aiding our decision is the fact that this job paid the same wages as appellant's previous job. Most of all, we are swayed by the length of time that appellant had been unemployed. At the time she refused the job referral, appellant had been receiving compensation for almost a year, with the exception of one week that she worked at Electol, Inc. Under these circumstances, appellant's refusal to apply for the job offered to her was not justified. *See Bethlehem Steel Corporation v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 292, 310 A. 2d 697 (1973).

We therefore issue the following

## ORDER

AND Now, this 24th day of July, 1974, the orders of the Unemployment Compensation Board of Review denying the claims of Lois M. Stryker for unemployment compensation benefits are hereby affirmed.