Harald K. Otto, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued January 10, 1975, before Judges KRAMER, WILKINSON, JR. and MENCER, sitting as a panel of three.

*Harald K. Otto*, appellant, for himself.

*Daniel R. Schuckers*, Assistant Attorney General, with him *Sydney J. Reuben*, Assistant Attorney General, for appellee.

OPINION BY JUDGE KRAMER, March 5, 1975:

This is an appeal by Harald K. Otto (Otto) from an order of the Unemployment Compensation Board of Review (Board), dated March 19, 1974, which affirmed an order of an unemployment compensation referee, dated January 14, 1974, denying Otto unemployment benefits.

Otto was laid off by his employer on September 14, 1973, and successfully applied for unemployment compensation benefits on September 16, 1973. In order to receive his benefits, Otto was required to appear at the

Bureau of Employment Security (Bureau) office to sign up for his payments on designated Tuesdays, one of these designated days being Tuesday, December 4, 1973. On this date Otto was to have signed for the weeks ending November 24 and December 1, 1973. Otto reported on Thursday, December 6, 1973, two days late, at which time the Bureau personnel learned that he had been on vacation in Florida from November 23 to December 5, 1973. The Bureau denied benefits for the weeks ending November 24 and December 1, 1973, and appeals followed to the referee, the Board, and now to this Court.

Our scope of review in unemployment compensation cases is limited to resolving questions of law, and, absent fraud, determining whether all necessary findings are supported by substantial evidence. *Stalc v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review*, 13 Pa. Commonwealth Ct. 131, 134, 318 A. 2d. 398, 400 (1974) ; *Hinkle v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 512, 514, 308 A. 2d 173, 174 (1973).

The critical statutory provision in this case is section 401 (d) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801 (d), which reads, in relevant part: "Compensation shall be payable to any employe who is or becomes unemployed, and who . . . [i]s able to work and available for suitable work." If availability under section 401 (d) is found lacking, and this conclusion is adequately supported by the evidence, a denial of benefits is proper. This follows from the Legislature's intention that only those unemployed persons who are actually and currently attached to the labor force are to receive the benefits of the law. *Woodley v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review*, 13 Pa. Commonwealth Ct. 8, 10, 317 A. 2d 897, 898 (1974) ; *Bledsoe v. Commonwealth of Penn-*

*sylvania, Unemployment Compensation Board of Review,*
13 Pa. Commonwealth Ct. 34, 36, 317 A. 2d 320, 322
(1974).

There is no question that a person who absents him-
self from the vicinity in which he has declared himself
available for suitable work is not actually attached to the
labor force and is, therefore, ineligible for benefits.
*Stryker v. Commonwealth of Pennsylvania, Unemploy-
ment Compensation Board of Review,* 14 Pa. Common-
wealth Ct. 429, 322 A. 2d 737 (1974) ; *Stanek v. Unem-
ployment Compensation Board of Review,* 6 Pa. Com-
monwealth Ct. 351, 295 A. 2d 198 (1972) ; *Friel Unem-
ployment Compensation Case,* 167 Pa. Superior Ct. 362,
75 A. 2d 7 (1950). This interpretation of the law has
been strictly applied, as a review of the above-cited cases
reveals. In *Friel,* for example, the claimant was in Wash-
ington, D. C. arranging for social security benefits, and
in *Stanek,* the claimant traveled to Iowa to make nursing
home arrangements for his infirm mother. In both cases,
benefits were denied, in spite of the fact that the absences
were quite understandable under the circumstances.

Thus, the only question presented by the instant case
is whether the record adequately establishes that Otto
was, in fact, unavailable for work. At the hearing before
the referee, Otto frankly admitted that he was on vaca-
tion in Florida on the days in question, his argument
being that he was misled by an unidentified Bureau
employe as to the effect his vacation would have on his
eligibility for benefits. Otto alleges that, prior to leaving
for Florida, he called the Bureau's local office and was
informed that there would be no problem if he came in
to sign for benefits on Thursday, December 6, 1973, in-
stead of his scheduled time (Tuesday, December 4, 1973).
Otto maintains that he returned late because of reliance
on this information. As noted above, he was unable to
identify the source of this advice.

We need not give a detailed treatment to the questions of whether, and under what circumstances, reliance on statements by a Bureau employe can affect eligibility for benefits, because the record in this case indicates that even if Otto did rely on statements by a Bureau employe, this reliance was not to his detriment since he intended to take a vacation in any event. Upon questioning by the referee, Otto gave the following responses: "Q. Are you sure you didn't make her [the Bureau official who allegedly talked to the appellant before he went on vacation] understand you were going to work and that is why you couldn't come in? A. No, I told her right there I was going on vacation. Q. Didn't she tell you that if anyone goes on vacation they are presumed not available for work? A. If she had given me that slightest idea *I would have gone from Wednesday to Monday*. My [reporting] day was Tuesday. Q. Where did you go? A. I went to Florida. *I would have gone on Wednesday and come back Monday*. I have nothing to hide." As the above passage indicates, Otto was concerned about visiting the Bureau's office to sign for benefits for the weeks in question. This testimony also reveals that the only real effect of any statements which may have been made to Otto was to change his plans regarding the *length* of his stay in Florida. The *fact* of the absence is what is critical in this case, not whether Otto would have been present to sign for benefits on Tuesday if no representations had been made. Even if he had been present at the office on his usual scheduled day, he would still have been unavailable for work during the period when he was on vacation, as his admissions disclose. Our review of the record permits us to conclude that the law has been correctly applied and that the referee's finding that Otto was unavailable for work during the period in question is supported by substantial evidence. We therefore

ORDER

AND NOW, this 5th day of March, 1975, the order of the Unemployment Compensation Board of Review, dated March 19, 1974, which affirmed a referee's denial of unemployment compensation benefits to Harald K. Otto, is hereby affirmed.