Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Edward M. Molitoris, Appellant.

Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* John Mikovich, Appellant.

Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Russell C. Younkins, Appellant.

Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Calvin D. Franks, Appellant.

Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* John M. Noska, Appellant.

Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Margaret Nagg, Appellant.

Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Margaret Nagg, Appellant.

Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Steve Karlock, Appellant.

Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Andrew G. Sibula, Appellant.

Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Andrew G. Sibula, Appellant.

Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Andrew G. Sibula, Appellant.

Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Edward M. Molitoris, Appellant.

Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Edward M. Molitoris, Appellant.

Argued February 6, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

*Alan Epstein,* with him *Freedman, Borowsky* and *Lorry,* for appellants.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., April 22, 1976:

Edward M. Molitoris and others[1] (Claimants) have appealed the orders of the Unemployment Compensation Board of Review (Board) which denied them benefits. The

_____

1. Our disposition of the appeals herein does not include the appeal of Russell C. Younkins, No. 332 C.D. 1975. Younkins has appealed to this Court directly from the referee bypassing the Board. Thus, his appeal is not properly before us.

factual posture and legal issues are similar in these claims and they were therefore consolidated for our determination.

Claimants were last employed by the river division of United States Steel Corporation (Employer) in the operation of barge tows. Under the terms of a collective bargaining agreement between Employer and Claimants' union (National Maritime Union of America, AFL-CIO), Claimants work seven (7) consecutive days on the boats followed by seven (7) consecutive days off.

The periods of unemployment in these cases arose when the 7-day on-period was terminated early by Employer so that boat repairs could be made. This is known as a "lay-up." In each case Claimants were subsequently rehired and resumed the 7-day on, 7-day off cycle.

In the first two of the three Molitoris claims, the referee found that one day had been lost from the on-cycle and that he had returned to work following the off-cycle. In other words, he worked six days and was off eight rather than the usual seven days on and seven days off. In his third claim, Molitoris only lost five hours and forty-five minutes at the end of his on-cycle. In each case, the referee determined that the loss of a day during the on-portion of the work cycle was not sufficient to allow benefits since Molitoris received remuneration for 14, 13 and 12 days, respectively, of the three 14-day periods at issue.

Accordingly, the referee denied benefits on the ground that Molitoris was not "unemployed" within the meaning of that term in Section 4(u) of the Unemployment Compensation Law[2] (Act).

After hearing additional evidence, the Board found that Molitoris was not available for suitable work during the off-week of the cycle. The Board reasoned that since the normal work cycle was seven days of work followed

---

2. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §753.

by seven days off and since Molitoris was called back to work on his regularly scheduled reporting day following the off-cycle (*i.e.*, eight days after his last day of work), he so restricted his availability during the off-week involved that he failed to meet the requirements of Section 401(d) of the Act, 43 P.S. §801(d). Affirming the decision of the referee as modified, the Board denied benefits.

The issue for our determination is whether Claimants are entitled to benefits for the days remaining in the on-period when the boats are placed in "lay-up" status and the following seven days in the off-period.

Section 401 of the Act , 43 P.S. §801, provides that:

"Compensation shall be payable to any employe who is or becomes unemployed, and who—

. . . .

"(d) Is able to work and available for suitable work . . . ."

To be "available" within the meaning of Section 401(d) a claimant must be actually and currently attached to the labor force and ready and willing to accept suitable employment. *Otto v. Unemployment Compensation Board of Review*, 17 Pa. Commonwealth Ct. 516, 333 A.2d 231 (1975) ; *Chickey v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 485, 332 A.2d 853 (1975).

Since the question of availability of an employee for suitable employment is largely one of fact, *Graham v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 445, 322 A.2d 807 (1974), we must affirm the findings of the Board if they are supported by the evidence. *Stryker v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 429, 322 A.2d 737 (1974).

In the instant cases, Claimants are on an employment cycle of seven days, after which they are off for seven days. However, they maintain a relationship with their employer. The records in these cases reveal that it is generally

contemplated that the employees will rejoin the employer's active work force at the end of their off-period. *See Dingel v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 484, 322 A.2d 731 (1974).

The purpose of the Act is to relieve the economic hardship of *sudden* unemployment and provide temporary assistance for the resulting economic burden, *Graham v. Unemployment Compensation Board of Review, supra.* In our view, awarding benefits to workers for the off-portion of a 14-day work cycle does not further this purpose. Furthermore, the records are devoid of any evidence suggesting that Claimants sought other work during their off-periods. In *Dingel v. Unemployment Compensation Board of Review, supra,* we held that:

> "In order to qualify for unemployment compensation benefits, a claimant must demonstrate his willingness to accept permanent, suitable employment with another employer without being subject to recall." 14 Pa. Commonwealth Ct. at 490, 322 A.2d at 734.

We agree with the Board that Claimants do not meet this test during the off-periods.

As to the loss of time during the on-periods due to the "lay-up" of the boats, we hold that Claimants are ineligible for benefits under the facts of these appeals. First, Claimants do not satisfy the definition of "unemployed" in Section 4(u) of the Act. That section provides that:

> "(u) 'Unemployed.'
>
> "An individual shall be deemed unemployed... (II) with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit."

The referee found that the idle time during Claimants' work weeks was insufficient to meet this definition. We agree that the short periods of idleness are insufficient to reduce Claimants' remuneration for those weeks below the sum of the weekly benefit rate plus the partial benefit

credit. Furthermore, Section 401 (e) of the Act, 43 P.S. §801 (e), mandates that compensation shall only be payable to an employee who has been unemployed for a waiting period of one week. In view of our disposition of Claimants' status during their 7-day off-period, this requirement has not been fulfilled.

While we are not insensitive to the adverse financial impact of losing several hours of pay, we cannot ignore the requirements of the Act. The matter of uncompensated and unexpected "lay-up" time is a matter which is properly the subject of contract negotiations between Claimants' union and the employer.

We therefore

### ORDER

AND NOW, this 22nd day of April, 1976, the appeals at Nos. 215, 331, 333-342 C.D. 1975 are dismissed and the orders of the Unemployment Compensation Board of Review are affirmed. The appeal at No. 332 C.D. 1975 is dismissed for lack of jurisdiction.