Raymond Greer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 11, 1978, before Judges BLATT, DiSALLE and MACPHAIL, sitting as a panel of three.

*Barbara J. Hart,* with her *Louis M. Shucker, Alan Linder, William Botts, III,* for petitioner.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Elsa D. Newman,* Assistant Attorney General, and *Gerald Gornish,* Acting Attorney General, for respondent.

PER CURIAM OPINION, October 27, 1978:

This is an appeal from a decision of the Unemployment Compensation Board of Review (Board) denying benefits to Raymond Greer (Petitioner). We reverse.

Petitioner was last employed as a laborer at $150.00 a week. He was laid off on January 3, 1975, and he applied for and received unemployment compensation that same month. Petitioner continued to receive benefits until April 15, 1975, when he was incarcerated in Berks County Prison for violation of a support order. The incarceration order placed Petitioner in the prison work-release program and conditioned his release upon his either obtaining employment or paying the support order arrearages in full. The only restriction placed upon his availability for work was that he could not leave the prison alone to *seek* employment. He could, however, accept any referrals made by the Bureau of Employment Security and pursue any leads discovered by himself or by others. The

prison authorities also agreed to transport him to and from all job interviews.

Petitioner remained incarcerated from April 15, 1975, to August 7, 1975. During that time, he made numerous phone calls to prospective employers and had friends make calls on his behalf. In spite of his good faith attempts, however, he was unable to secure a job.

Petitioner sought benefits for compensable weeks from April 13, 1975, through August 2, 1975. The referee determined that he was ineligible under Section 401(d) of the Unemployment Compensation Law[1] and denied benefits on the grounds that he "was not free to seek employment and, therefore, not realistically attached to the labor force." In an April 15, 1977 opinion, the Board affirmed the denial, reasoning that "claimant's incarceration preclude[d] the possibility of any realistic attachment to the labor market." We disagree.

It is well settled that to be eligible for unemployment compensation benefits under Section 401(d), a claimant must be both available for work and attached to the labor market. *Unemployment Compensation Board of Review v. Molitoris,* 24 Pa. Commonwealth Ct. 360, 356 A.2d 863 (1976); *Baker v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 503, 336 A.2d 671 (1975); *Otto v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 516, 333 A.2d 231 (1975); *Chickey v. Unemployment Compensation Board of Review,* 16 Pa. Commonwealth Ct. 485, 332 A.2d 853 (1975). Nor may he place impermissible restrictions on his availability. *Claim of Wright,* 25 Pa. Commonwealth Ct. 522, 360 A.2d 842 (1976); *Molitoris, supra; Unemployment*

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d).

*Compensation Board of Review v. Sanchez,* 21 Pa. Commonwealth Ct. 353, 346 A.2d 390 (1975) ; *Myers v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 281, 330 A.2d 886 (1975) ; *Hunt v. Unemployment Compensation Board of Review,* 8 Pa. Commonwealth Ct. 577, 302 A.2d 866 (1973).

In concluding that Petitioner "was not free to seek employment," the Board determined that the mere inability of Petitioner to leave prison *alone* to seek work renders him ineligible for benefits. We find nothing in the case law or the language of the statute that would justify such a novel and imaginative approach to the definition of "attachment to the labor force." Surely a handicapped individual would not be disqualified merely because he required assistance in travelling from one interview to another. Yet, carried to its logical conclusion, the Board's ruling here would disqualify such a person.

Courts have held that a claimant's state of mind may preclude an award of benefits. *Lybarger Unemployment Compensation Case,* 203 Pa. Superior Ct. 336, 201 A.2d 310 (1964) ; *Bernotas Unemployment Compensation Case,* 175 Pa. Superior Ct. 437, 106 A. 2d 638 (1954). There is nothing in this record, however, that would indicate Petitioner was not genuinely desirous of finding employment. He imposed no limitations on acceptable work, indicating his willingness to immediately work any shift, anywhere within the local labor market, on a permanent basis, at the prevailing wage. While in prison, he met several times with the representative of the Bureau of Employment Security in an attempt to secure employment. He made numerous phone calls, including one to a former employer, and enlisted the aid of his brother, who contacted many employers on his behalf. The County Parole Officer in charge of the work release program testified that Petitioner "made a very

good effort to maintain contact with me, to utilize me, to assist him in finding employment." Petitioner could follow up on job referrals from the Bureau, the prison, or any outside source, and although he could not leave prison alone, the prison authorities made it clear that they would readily transport him to and from all interviews.

We do not today hold that all prisoners involved in work release programs are eligible for unemployment compensation.[2] Each case must be decided on its own facts. However, where, as here, a claimant was receiving benefits at the time of his incarceration, has placed no restrictions on his availability, has shown a good faith desire to find work, and has actively attempted to find work, coupled with the fact that his release from prison was expressly conditioned upon his obtaining employment, the mere fact that the terms of his incarceration require that he be accompanied by a prison official when he leaves to find work will not justify the denial of benefits.[3]

Accordingly, we reverse.

Judge MacPhail dissents.

### Per Curiam Order

And Now, this 27th day of October, 1978, the April 15, 1977, order of the Unemployment Compensation Board of Review denying benefits to Raymond Greer is reversed and the case is remanded to the Bureau of Employment Security for the proper computation of benefits.

---

[2] The salutary effect of work release programs has long been recognized.

[3] Petitioner also argues that the per se denial of benefits to prisoners constitutes substantive due process and equal protection violations. In light of our disposition of this case, we need not reach those issues.