John E. Hauman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 12, 1980, before Judges MENCER, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*John E. Hauman,* petitioner, for himself.

*William J. Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., October 30, 1980:

This is an appeal by John E. Hauman (claimant) from an order of the Unemployment Compensation

Board of Review (Board) denying him benefits for the weeks ending January 27, February 3, 10 and 17, 1979. The Board affirmed the referee's determination that the claimant was not available for suitable work during that period and was, therefore, ineligible for benefits by force of Section 401(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Session, P.L. (1937) 2897, *as amended*, 43 P.S. §801(d).

It is undisputed that during three of claim weeks here in issue the claimant was in the state of Florida. Until December 29, 1978, the claimant was employed as a carpenter by the Dick Corporation in Pittsburgh, Pennsylvania. The record also shows that he applied for benefits on January 14, 1979. The referee and the Board found that the claimant on January 29, 1979, left his home in Beaver Falls, Pennsylvania, and went to Florida. The claimant allegedly went to Florida in search of work; although he had no prearranged job interview there. He returned to Beaver Falls on February 16, 1979.

To be eligible for unemployment benefits a claimant must be available for suitable work and be attached to the labor market. *E.g., Greer v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 310, 392 A.2d 918 (1978). To be "available for suitable work," the claimant must be *actually* and *currently* attached to the labor force. *Unemployment Compensation Board of Review v. Molitoris*, 24 Pa. Commonwealth Ct. 360, 356 A.2d 863 (1976).

It is well settled that a person who absents himself from the vicinity in which he has declared himself available for work is not actually attached to the labor force, and is therefore ineligible for unemployment benefits. *Otto v. Unemployment Compensation*

*Board of Review,* 17 Pa. Commonwealth Ct. 516, 333 A.2d 231 (1975); *Stryker v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 429, 322 A.2d 737 (1974); *Stanek v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 351, 295 A.2d 198 (1972); *Friel Unemployment Compensation Case,* 167 Pa. Superior Ct. 362, 75 A.2d 7 (1950).

Upon the principle established by the above cases, we must affirm the Board's order as to the weeks ending February 3, 10 and 17, 1979. However, as to the week *ending* January 27, 1979, we must reverse for the obvious reason that the claimant did not depart for Florida until two days *after that week ended.*

### Order

And Now, the 30th day of October, 1980, the order of the Unemployment Compensation Board of Review at Decision No. B-171976 is affirmed in part and reversed in part. The denial of benefits for the weeks ending February 3, 10 and 17, 1979, is affirmed. The denial of benefits for the week ending January 27, 1979, is reversed.