Kenneth J. Humanic, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 17, 1980, before Judges WILKINSON, JR., CRAIG and PALLADINO, sitting as a panel of three.

*Kenneth J. Humanic,* petitioner, for himself.

*Stephen B. Lipson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, December 18, 1980:

In this unemployment compensation appeal, claimant,[1] an excavation laborer, questions the board's[2] affirmance of a referee's decision denying him benefits on the ground that claimant was not "available for suitable work"[3] during the period involved.

---

[1] Kenneth J. Humanic.

[2] Unemployment Compensation Board of Review.

[3] Section 401(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d).

J.D.S. Excavation discharged claimant January 2, 1979, for lack of work. On January 30, 1979, claimant, having filed for benefits and in continued claims status, departed for Florida with his wife for five weeks in a camper, allegedly to look for work. The Office of Employment Security informed claimant, when he left for Florida, that he could be disqualified for leaving his local labor market area. Claimant returned to Pennsylvania on March 6, 1979.

The only question presented here is whether the claimant was unavailable for work while in Florida.

Each unemployment compensation week stands on a separate and individual basis, and a claimant must demonstrate his availability for work during a particular week to be entitled to compensation. *Orkwis Unemployment Compensation Case,* 198 Pa. Superior Ct. 141, 181 A.2d 703 (1962).

A person who absents himself from the vicinity in which he has declared himself available for suitable work is not actually attached to the labor force and is, therefore, ineligible for benefits. *Hauman v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 423, 421 A.2d 533 (1980); *Otto v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 516, 333 A.2d 231 (1975).

Although claimant filed courtesy claims in local unemployment offices in Florida, the referee found that claimant was not realistically attached to the labor market there.

Availability for work is a question of fact, and we are therefore bound by the referee's determination. Claimant frankly admitted that he was in Florida during the stated period; although he stated that the trip was a search for employment, claimant had no scheduled job interviews. *See Hauman, supra.*

Claimant also argues that he was misled by the Unemployment Compensation Board. He claims that, before leaving for Florida, he contacted his local office and was told he could leave the area as long as he followed the sign-up procedure. He states that he arranged to have his mailbox checked daily; if an offer of employment had been received, he would have flown back immediately.

A similar argument was advanced in *Otto v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 516, 333 A.2d 231 (1975), where we held that the fact of claimant's absence was critical, rather than his misconceptions as to the requirements for continued eligibility during absence. We find *Otto, supra,* to be controlling.

In addition, the referee found that claimant had been warned that he could lose his benefits, by virtue of a statement in the written Advance Notice given to claimant before he left. The notice stated, ''When you leave your labor market area you may lose your unemployment compensation benefits for the period you are out of the area.''

Therefore, we conclude that benefits were correctly denied. Accordingly, we affirm.

### ORDER

AND Now, this 18th day of December, 1980, the order of the Unemployment Compensation Board of Review, No. B-172231, dated May 18, 1979, is affirmed.

### AMENDED ORDER

AND Now, this 12th day of January, 1981, the orders of the Unemployment Compensation Board of Review, Nos. B-172231 and B-172232, dated May 18, 1979, are affirmed.