John E. Hauman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 4, 1982, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*John E. Hauman,* petitioner, for himself.

*James K. Bradley,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Williams, Jr., January 25, 1983:

John E. Hauman (claimant) has appealed from the denial of unemployment benefits by the Unemployment Compensation Board of Review (Board). The Board concluded that the claimant had been unavailable for suitable work during the claim weeks in question, and hence, that Section 401(d) of the Unemployment Compensation Law (Law)[1] rendered him ineligible for benefits.

Claimant Hauman was last employed as a carpenter by the Dick Corporation in Large, Pennsylvania. On February 29, 1980, he was laid off because of a lack of work. On March 1, 1980, the claimant left his home in Beaver Falls, Pennsylvania, and drove to Florida, allegedly in search of work. However, he had no prearranged job interview when he departed for Florida. Being a member of the Carpenters Union, the claimant went to the union hall in Orlando, Florida; but he immediately learned there were 45 union members ahead of him on the work list. On subsequent visits to the Orlando union hall, the claimant learned that only a few of the people ahead of him on the list had secured employment.

During the claimant's sojourn in Florida, he stayed at the house of a friend. On March 23, 1980, the claimant returned to his home in Beaver Falls, Pennsylvania.

The claimant sought unemployment compensation based on his layoff from the Dick Corporation. The Office of Employment Security, a referee, and then the Board, determined that the claimant was not entitled to unemployment benefits for the claim weeks ending March 8, 15 and 22, 1980. The Board reasoned that the claimant, during his stay in Florida, had been

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(d).

outside the local labor market. From that premise, the Board concluded that the claimant was unavailable for suitable work during the claim weeks mentioned; and that, thus, he was precluded by Section 401(d) of the Law from receiving benefits for those weeks. We affirm.

The facts and issues of this case are essentially identical to those that the instant claimant presented to this Court in a previous appeal, *Hauman v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 423, 421 A.2d 533 (1980). We there affirmed the denial of benefits for weeks that the claimant was outside the local labor force. Hence, based on that decision, we must affirm the Board's order in the case now at bar.

ORDER

AND Now, the 25th day of January, 1983, the order of the Unemployment Compensation Board of Review at Decision No. B-185787 is affirmed.