510 A.2d 156

James Robinson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 7, 1986, to President Judge CRUMLISH, JR., and Senior Judges ROGERS and KALISH, sitting as a panel of three.

*James F. Robinson,* petitioner, for himself.

*Jonathan Zorach,* Associate Counsel, with him, *Paul E. Baker,* Acting Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE ROGERS, June 6, 1986:

James F. Robinson (claimant) filed a petition for review of the order of the Unemployment Compensa-

tion Board of Review (Board), affirming a referee's decision denying him benefits for the week ending March 2, 1985 on the ground that he was not available for employment. Section 401(d)(1) of the Pennsylvania Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(d)(1).

The claimant had a valid separation from his employment. He filed a claim for benefits with the Office of Employment Security (OES) effective February 17, 1985. The OES denied the claimant benefits for the week ending March 2, 1985 because the claimant was in California at that time and he was, therefore, not available for employment. The claimant appealed this determination and a telephone hearing was held before a referee where the claimant was the only witness. He testified that he was out of the area from February 26, 1985 through March 4, 1985 because he was looking for a job in California, that he had been interviewed by the Office of Personnel Management in Los Angeles, and that that office would have his job application on file. However, he did not have the mailing address of the Office of Personnel Management and stated that the referee could find that address in the telephone directory. The referee affirmed the decision of the OES. On appeal the Board affirmed the referee's decision.

The question presented is that of whether the claimant was available for work while away from Pennsylvania.

To be eligible for unemployment benefits a claimant must be actually available for suitable work and currently attached to the labor market. *Hauman v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 423, 421 A.2d 533 (1980). One who absents himself from the vicinity in which he has declared himself to be available for work is not actually

and currently attached to the labor force and is therefore ineligible for unemployment benefits. *Humanic v. Unemployment Compensation Board of Review*, 55 Pa. Commonwealth Ct. 428, 423 A.2d 64 (1980); *Hauman; Otto v. Unemployment Compensation Board of Review*, 17 Pa. Commonwealth Ct. 516, 333 A.2d 231 (1975). Also, the claimant had the burden of proving his eligibility for compensation in the first instance. The referee was neither required to believe nor to investigate the truth of the claimant's assertion that he was looking for work in California.

Order affirmed.

### ORDER

AND NOW, this 6th day of June, 1986, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.