546 A.2d 1332

Leon Plzybylowicz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 24, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Thomas F. McDevitt, Thomas F. McDevitt, P.C.,* for petitioner.

*Gary L. Kelley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE SMITH, September 2, 1988:

Claimant, Leon Plzybylowicz, appeals from a decision of the Unemployment Compensation Board of Review (Board) which denied benefits to Claimant under Section 401(d)(1) of the Pennsylvania Unemployment Compensation Law (Law)[1] and further assessed a fault

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d)(1).

overpayment against him under Section 804(a) of the Law.[2] Claimant challenges the Board's determination that Claimant was not able and available for work in any labor market during the weeks at issue. The Board's order is affirmed.

Claimant was last employed by the United States Steel Corporation (USX) on July 31, 1986 when he was separated from work due to a company lockout of employees. Claimant applied for benefits and was found eligible for weeks ending August 23, 1986 through January 10, 1987. The Board found that Claimant's living arrangements had changed during his period of unemployment in that Claimant resided in Altoona from August 15, 1986 through January 12, 1987 and planned to relocate to Altoona, but if recalled by USX he would return to his father's residence in Langhorne. The Board further found that Claimant failed to notify the Office of Employment Security (OES) of the change in residency; that he intended to defraud the OES; and that Claimant was not able and available for work in any labor market during the period in question.

This Court's scope of review in an unemployment compensation case is limited to a determination of whether findings of fact are supported by substantial evidence, whether an error of law was committed, or whether any of claimant's constitutional rights have been violated. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

Claimant argues that the Board's decision is not supported by the evidence in that Claimant was unemployed through no fault of his own and was at all times ready and available to return to the Langhorne labor market. Claimant stated that if recalled while visiting his family in Altoona, he would be notified by his father

---

[2] 43 P.S. §874(a).

and would promptly report to work. N.T., p. 7. The Board, nonetheless, determined that when Claimant removed himself from his labor market, he created a new labor market and that the removal was not for purposes of seeking other work. The Board in its findings of fact indicated that Claimant was building a home in Altoona where his wife and two children resided in a mobile home.

Section 401(d)(1) of the Law provides that compensation shall be payable to any employee who is or becomes unemployed and who is able and available for suitable work. The burden of proving eligibility for compensation is on the claimant. *Robinson v. Unemployment Compensation Board of Review*, 98 Pa. Commonwealth Ct. 26, 510 A.2d 156 (1986). Moreover, "[o]ne who absents himself from the vicinity in which he has declared himself to be available for work is not actually and currently attached to the labor force and is therefore ineligible for unemployment benefits." *Id*. at 27-28, 510 A.2d at 157. It is well established that the question of availability for work is one of fact for the Board. *Pandola v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 362, 433 A.2d 637 (1981). Furthermore, the Board is empowered to decide issues of credibility and resolve conflicts in evidence. *Peak v. Unemployment Compensation Board of Review*, 509 Pa. 267, 501 A.2d 1383 (1985). At the hearing before the referee, a representative of OES testified that Claimant stated during an interview in January 1987 that he had moved to Altoona after the lockout to build a home and that he returned periodically to Langhorne to report to OES. N.T., p. 5. A review of the record discloses that substantial evidence does exist to support the Board's finding that Claimant removed himself from his labor market without informing the OES of Claimant's new status.

Claimant contends that he properly received benefits while the Board argues that it did not err in assessing a fault overpayment against Claimant under Section 804(a) which provides in pertinent part:

(a) Any person who by reason of his fault has received any sum as compensation under this act to which he was not entitled, shall be liable to repay the Unemployment Compensation Fund to the credit of the Compensation Account a sum equal to the amount so received by him.

A fault overpayment has been defined as one where "blame, censure, impropriety or culpability attaches" to the Claimant. *Matvey v. Unemployment Compensation Board of Review,* 109 Pa. Commonwealth Ct. 591, 531 A.2d 840 (1987). Additionally, the Board must make some finding regarding Claimant's state of mind. *Amspacher v. Unemployment Compensation Board of Review,* 84 Pa. Commonwealth Ct. 447, 479 A.2d 688 (1984). The Board here found that Claimant intended to defraud the OES during the subject period as Claimant failed to make himself available for suitable work when he created a new labor market; failed to notify OES of his residency change; and continued to list the Langhorne address of his father. Hence, the Board's determination of culpability is supported by the record. Since Claimant's failure to notify OES of the residency change precipitated the improper award of benefits, this Court finds that the sum of $3,420 received by Claimant constitutes a fault overpayment subject to recoupment under provisions of Section 804(a) of the Law.

## ORDER

AND NOW, this 2nd day of September, 1988, the order of the Unemployment Compensation Board of Review is affirmed.