# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kenneth Righter, | : | **CASES CONSOLIDATED** |
| Petitioner | : | |
| | : | Nos. 550 & 551 C.D. 2024 |
| v. | : | |
| | : | Submitted: June 3, 2025 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:   HONORABLE ANNE E. COVEY, Judge
　　　　　 HONORABLE LORI A. DUMAS, Judge
　　　　　 HONORABLE STACY WALLACE, Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**　　　　　　　　　　　　　　　　**FILED:  July 22, 2025**

　　　　　Kenneth Righter (Claimant), appearing *pro se*, has petitioned this Court to review an adjudication of the Unemployment Compensation Board of Review (Board).  The Board affirmed the decision of the Referee, denying Claimant unemployment compensation (UC) benefits under 43 P.S. § 801(d)(1).[1]  After careful review, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(d)(1).  The UC Law's section numbers are distinct from "the sections provided in Purdon's Pennsylvania Statutes, which is an unofficial codification of Pennsylvania law." *Herold v. Univ. of Pittsburgh*, 329 A.3d 1159, 1166 n.1 (Pa. 2025).  For clarity, we may refer to provisions of the UC Law "only by their Purdon's citation." *Id.*

# I. BACKGROUND[2]

Claimant was employed as a paver for Harris Graham Contractors (Employer) for about three years. *See* Tr. of Test. from Remand (T.T.), 11/16/22, at 8. Generally, Claimant worked in the spring, summer, and fall months. *See id.* During the winter months, Claimant would be laid off by Employer and collect unemployment, and then he would return to work sometime in the spring. *See id.* at 9. Claimant's last day with Employer was sometime in November 2021. *See id.* at 10.

Claimant filed for unemployment benefits, which the UC Service Center denied for the week beginning January 9, 2022, through the week ending April 2, 2022. Following a telephone hearing at which Claimant did not appear,[3] the Referee agreed that Claimant was ineligible for UC benefits. The Referee found that Claimant was traveling in Mexico from January 8, 2022, to April 2, 2022, evidenced by Claimant's own admission. Since Claimant did not appear at the hearing to provide testimony or evidence to establish his ability and availability to work during the weeks at issue, the Referee affirmed the UC Service Center's denial of UC benefits under 43 P.S. § 801(d)(1) for the claim week beginning January 9, 2022, to the week ending April 2, 2022. Additionally, the Referee determined that Claimant was not at fault for the receipt of benefits for the week beginning January 9, 2022,

---

[2] Unless otherwise stated, we adopt this background from the Board's Decision and Order, which adopted and incorporated the background from the Referee's Decision which is supported by substantial evidence of record. *See* Bd.'s Dec. & Order, 2/28/24; Referee's Dec., 7/14/22.

[3] The Referee attempted to contact Claimant at the phone number provided on the notice of the telephone hearing four times. *See* Referee's Dec., 7/14/22, at 2. Each call was directed to voicemail; however, the Referee was unable to leave a message as the voicemail box was full. *See id.* Additionally, the Referee's efforts to identify an alternative contact number for Claimant were unsuccessful. *See id.* So, the Referee proceeded with the hearing in Claimant's absence. *See id.*

through the week ending January 15, 2022, and issued a non-fault overpayment of $569.

Upon further appeal, the Board remanded back to the Referee, finding that another hearing was warranted to receive testimony and evidence on Claimant's reason for his nonappearance at the telephone hearing. *See* Bd.'s Remand Order, 10/28/22, at 2. The Board further ordered that both parties "may also provide new or additional testimony and evidence on the merits." *See id.*

After testimony on remand, the Board found that Claimant failed to appear because his phone blocked the call, which the Board found was good cause for Claimant's nonappearance. *See* Bd.'s Order, 2/28/24, at 1. The Board considered the testimony and evidence on the merits offered at the remand hearing and concluded that the Referee's determination denying UC benefits and issuing a non-fault overpayment was proper and adopted and incorporated the Referee's findings and conclusions. *See id.* The Board reasoned that because Claimant admitted to traveling in Mexico during the weeks in question, he was no longer attached to the labor force since he was outside of the United States. *See id.* Thus, the Board affirmed, determining that Claimant was ineligible for UC benefits under 43 P.S. § 801(d)(1).[4]

Claimant timely petitioned this Court for review.

---

[4] This section of the UC Law provides that, to be eligible for compensation, an employee must be "able to work and available for suitable work." 43 P.S. § 801(d)(1).

3

## II. ISSUE

Essentially, Claimant raises one issue.[5]  According to Claimant, the Board improperly denied him benefits because the Board inaccurately determined that he was outside of the United States.  *See* Claimant's Br. at 4.

## III. DISCUSSION[6]

Claimant avers that the Board "falsely accused" him of being out of the country, despite "factual documentation" providing otherwise.  *See* Claimant's Br. at 7.[7]  Additionally, Claimant contends that "[w]hile [he] was out of the country, [he] [was not] out [of the country] all of the times [the Board] claim[s] [he] was."[8]  *Id.* Furthermore, according to Claimant, although he was out of the country, he was originally in the United States when he first applied for UC benefits.  *See id.*

To be eligible for unemployment benefits, an employee must be "able to work and available for suitable work."  43 P.S. § 801(d)(1).  The burden of proving availability for suitable work is on the claimant, and a claimant who registers for

---

[5] Claimant also presents an issue relating to Federal Pandemic Unemployment Compensation (FPUC).  As the Board's decision subject to this appeal does not cover FPUC benefits, we do not address Claimant's arguments specific to FPUC benefits.

[6] This Court's review is "limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated."  *Johns v. Unemployment Comp. Bd. of Rev.*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).  The Board is the ultimate factfinder, and its findings are conclusive on appeal, provided there is substantial evidence to support them.  *Cambria Cnty. Transit Auth. v. Unemployment Comp. Bd. of Rev. ("CamTran")*, 201 A.3d 941, 947 (Pa. Cmwlth. 2019).  Substantial evidence is "relevant evidence upon which a reasonable mind could base a conclusion."  *Rohde v. Unemployment Comp. Bd. of Rev.*, 28 A.3d 237, 242 (Pa. Cmwlth. 2011).

[7] The pages in Claimant's Brief are labeled alphanumerically (e.g., 7A, 7B, 8A, 8B) rather than consecutively.  *See generally* Claimant's Br.  For clarity, our citations herein track the pages in consecutive numeric order.

[8] To the extent that this is also an argument challenging the Board's non-fault overpayment determination, we will address it below.

unemployment is presumed to be able and available for work. *See Rohde v. Unemployment Comp. Bd. of Rev.*, 28 A.3d 237, 243 (Pa. Cmwlth. 2011).

The presumption is rebuttable by evidence that a claimant's physical condition limits the type of work he is able to accept, or that he has voluntarily placed other restrictions on the type of job he is willing to accept. *See id.* Once the presumption is rebutted, the burden shifts to the claimant to produce evidence that he is able to do some type of work and that there is a reasonable opportunity for securing such work. *See Wincek v. Unemployment Comp. Bd. of Rev.*, 439 A.2d 890, 892 (Pa. Cmwlth. 1982). "The real question is whether [the c]laimant has imposed conditions on his employment which so limit his availability as to effectively remove him from the labor market." *Harwood v. Unemployment Comp. Bd. of Rev.*, 531 A.2d 823, 826 (Pa. Cmwlth. 1987).

Each unemployment compensation week stands on a separate and individual basis, and a claimant must demonstrate his availability for work during a particular week to be entitled to compensation. *See Humanic v. Unemployment Comp. Bd. of Rev.*, 423 A.2d 64, 65 (Pa. Cmwlth. 1980). "A person who absents himself from the vicinity in which he has declared himself available for suitable work is not actually attached to the labor force and is, therefore, ineligible for benefits." *Id.* (denying UC benefits where the claimant admitted that he was in Florida during the claim weeks at issue and had no scheduled job interviews, despite his claims that he was in Florida in search of employment); *Robinson v. Unemployment Comp. Bd. of Rev.*, 510 A.2d 156, 157 (Pa. Cmwlth. 1986) (affirming the denial of UC benefits where the claimant was in California during the compensation weeks at issue); *Otto v. Unemployment Comp. Bd. of Rev.*, 333 A.2d 231 (Pa. Cmwlth. 1975) (affirming the denial of UC benefits where the claimant

traveled to Florida for vacation, and rejecting the claimant's argument that his misunderstanding of eligibility rules excused his absence). The question of availability for work is a question of fact for the Board. *See Humanic,* 423 A.2d at 66.

Additionally, "[a]ny person who other than by reason of his fault has received with respect to a benefit year any sum as compensation under this act to which he was not entitled shall . . . have such sum deducted from any future compensation payable to him with respect to such benefit year . . . ." 43 P.S. § 874(b)(1).

Here, substantial evidence supports the Board's conclusion that Claimant was not able and available to work during the claim weeks beginning January 9, 2022, through the week ending April 2, 2022. Claimant openly admitted that he was out of the country "getting married" from January 8, 2022, through April 2, 2022. *See* T.T. at 9-11; Out of Country Questionnaire, 4/4/22.[9] Claimant offers no evidence undermining his own admission or demonstrating that he was not outside of the United States during those weeks. *See generally* Certified R. To the contrary, the record shows unequivocally that Claimant was traveling in Mexico. *See* T.T. at 9-11; Out of Country Questionnaire. This is clear evidence that Claimant was not attached to the labor market in Pennsylvania and was, therefore, unqualified to receive benefits. *See Humanic*, 423 A.2d at 66. Furthermore, it is irrelevant that Claimant traveled outside of the United States after filing his initial UC application, as the Board's determination concerns only the specific weeks in which he was abroad and thus not attached to the labor market. *See Humanic*, 423 A.2d at 66.

---

[9] On this form, Claimant indicates that he left the United States on January 8, 2022, and returned on April 2, 2022. *See* Out of Country Questionnaire. When explaining his travel, he notes that he was "getting married in Cozumel." *See id.*

6

Additionally, to the extent that Claimant challenges the non-fault overpayment of $569 for benefits received but for which he was ineligible, the Board did not err. Claimant testified that he received $569 for the claim week ending January 15, 2022, which was during the time he was out of the United States and thus detached from the labor market. *See* T.T. at 9-11.[10] Therefore, the Board's determination of a non-fault overpayment was proper. *See* 43 P.S. § 874(b)(1).

## IV. CONCLUSION

Substantial evidence supports the Board's decision that Claimant was not able to work and available for suitable work under Section 801(d)(1) and owes a non-fault overpayment of $569. *See CamTran*, 201 A.3d at 947; *Humanic*, 423 A.2d at 66; 43 P.S. § 801(d)(1); 43 P.S. § 874(b)(1).

Accordingly, we affirm the Board.

**LORI A. DUMAS, Judge**

---

[10] In response to the Referee's question "[s]o for the week ending January 15, 2022, did you receive $569 in unemployment compensation benefits?" Claimant responded, "I believe that's it." *See* T.T. at 11.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Kenneth Righter, : **CASES CONSOLIDATED**
        Petitioner :
        : Nos. 550 & 551 C.D. 2024
      v. :
        :
Unemployment Compensation :
Board of Review, :
        Respondent :

## **O R D E R**

AND NOW, this 22ⁿᵈ day of July, 2025, the order of the Unemployment Compensation Board of Review, entered February 28, 2024, is AFFIRMED.

 

 

**LORI A. DUMAS, Judge**