515 A.2d 81

John Riley, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 10, 1986, before Judges CRAIG and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Martin J. Vigderman, Freedman and Lorry, P.C.*, for petitioner.

*Jonathan Zorach*, Associate Counsel, with him, *James K. Bradley*, Associate Counsel, and *Charles G. Hasson*, Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, September 11, 1986:

This is an appeal by John Riley (claimant) of an order by the Unemployment Compensation Board of Review (Board) affirming a referee's decision declaring him ineligible for benefits under Section 4(w)(2) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §753(w)(2).

Claimant was employed as a waterfront worker for approximately thirty-five years. His last day of work was July 9, 1982. He collected unemployment benefits from July 11, 1982, through July 9, 1983. He filed a new application for benefits effective July 10, 1983, but it was rejected on grounds of insufficient earnings. He filed another application effective January 15, 1984, but, again, benefits were denied because of insufficient earnings. Claimant appealed this second denial of benefits. The referee declared him ineligible under Section 4(w)(2) of the law and the Board affirmed the referee.

On appeal to this Court, claimant admits that he has not been gainfully employed since July 9, 1982. However, he maintains that the supplemental unemployment compensation benefits which he received from the Philadelphia Marine Trade Association/International Longshoremen's Association Benefit Fund should be considered as wages under Section 4(w)(2). His argument is

essentially based on Section 4(x)(6) of the Law which provides as follows:

> (6) Notwithstanding any other provisions of this subsection, wages shall include all remuneration for services with respect to which a tax is required to be paid under any Federal law imposing a tax against which credit may be taken for contributions to be paid into a state unemployment fund or which as a condition for full tax credit against the tax imposed by the Federal Unemployment Tax Act are required to be included under this act. 43 P.S. §753(x)(6).

Since the benefits received by claimant are subject to all tax withholdings, including unemployment compensation tax, claimant maintains that he is entitled to receive unemployment compensation. We do not agree.

This Court has recently held that supplemental unemployment payments are not wages in *Hargenrader v. Unemployment Compensation Board of Review*, 99 Pa. Commonwealth Ct. 626, 513 A.2d 1135 (1986). However, claimant's application was rejected because it did not meet the requirements set forth under Section 4(w)(2) which provides as follows:

> (2) An application for benefits filed after the termination of a preceding benefit year by an individual shall not be considered a Valid Application for Benefits within the meaning of this subsection, unless such individual has, subsequent to the beginning of such preceding benefit year and prior to the filing of such application *worked and earned wages,* whether or not such work is in 'employment' as defined in this act in an amount equal to or in excess of six (6) times his weekly benefit rate in effect during such preceding year.

*Id.* (Emphasis added.)

In *United States Steel Corporation v. Unemployment Compensation Board of Review*, 83 Pa. Commonwealth Ct. 465, 479 A.2d 16 (1984), we held that in order to satisfy Section 4(w)(2), a claimant must have *worked and earned* wages between the date of the first application for benefits and the date of the succeeding application. Claimant did not work at all during this period. His argument rests solely on the fact that benefits were *paid* to him during the time in question. This is clearly insufficient. We specifically stated in *United States Steel* that this Court cannot read the word "earned" as found in Section 4(w)(2) to mean either "paid" or "received".

Claimant next argues that he is entitled to unemployment compensation under the doctrine of promissory estoppel or unjust enrichment. Essentially, claimant maintains that in withholding taxes from the benefits paid to him by his employer the Unemployment Compensation Fund "promised" that he would be eligible to receive unemployment benefits and consequently, if no benefits are paid, the fund will be unjustly enriched. As the Board aptly notes, this argument is mistakenly grounded on the premise that a *quid pro quo* relationship exists between the contributions made by employers and employees and the employee's entitlement to these benefits. In *Bagley and Huntsberger, Inc. v. Department of Labor and Industry, Bureau of Employment Security*, 34 Pa. Commonwealth Ct. 488, 383 A.2d 1299 (1978), citing the opinion of Judge BOWMAN, later the President Judge of this Court, in *Labe's Men's Shop v. Young*, 35 Pa. D. & C. 2d 135, 141-42, 82 Dauphin 383, 388-89 (Ct. Common Pleas 1964), we explained that

> [t]he Unemployment Compensation Law may aptly be termed a statute having two somewhat related but nevertheless distinct and separate

purposes. The one purpose is that of creating a fund out of which compensation benefits may be paid to persons who are unemployed through no fault of their own. To accomplish this purpose the act imposes contributions upon all employers, as defined in said act, which contributions are paid into the fund created for the payment of compensation benefits to eligible person.

. . . .

The other purpose or objective of this act is to afford to certain persons unemployment compensation benefits, and the provisions thereof establishing eligibility, amount and duration of such benefits accomplish this purpose.

. . . .

*Id*. A *quid pro quo* relationship of employer and employee contributions to eligibility for compensation benefits simply does not exist within the intent and purposes of the law or under its provisions.

Accordingly, we affirm the Board's decision denying benefits to claimant.

## ORDER

Now, September 11, 1986, the order of the Unemployment Compensation Board of Review, dated June 1, 1984, at No. B-231263, is affirmed.