**John D. WISE, Appellant**

v.

**COMMONWEALTH of Pennsylvania, Department of Corrections.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 14, 1997.

Decided March 11, 1997.

John D. Wise, appellant, for himself.

Heather Faust, Assistant Counsel, Camp Hill, for appellee.

Before DOYLE and PELLEGRINI, JJ.,and RODGERS, Senior Judge.

## OPINION

PELLEGRINI, Judge.

John D. Wise (Wise) appeals an order of the Court of Common Pleas of Cumberland County (trial court) sustaining the Commonwealth of Pennsylvania, Department of Correction's (Department) preliminary objections to Wise's complaint seeking to permanently enjoin the Department from enforcing its inmate hygiene and grooming policy.

Wise is incarcerated at the State Correctional Institution at Camp Hill and, as an inmate, is subject to the Department's inmate hygiene and grooming policy, contained in DC–ADM 807. Among other things, this policy provides for the grooming of hair and establishes separate standards for males and females. In pertinent part, DC–ADM 807 provides:

  A.  Male Hair Styles

    1.  Hair that does not fall below the top of the collar in length (afro styles no longer than 4 inches) shall be permitted. Hair must be kept neat and clean.

  B.  Female Hair Styles

    1.  Hair styles will be permitted provided they are kept neat and clean.

The policy also contains a specific statement of purpose which provides:

It is the purpose of this policy to establish clear consistently applied and enforced guidelines for inmate grooming in accordance with security, health, and personal hygiene needs of both the inmate population and the institution.

Wise filed a complaint to permanently enjoin the Department from enforcing this poli-

cy, asserting that because the policy restricts the hair length of male inmates but not female inmates, it violates his rights under the Equal Rights Amendment [1] to the Pennsylvania Constitution.[2]

The Department filed preliminary objections in the nature of a demurrer asserting that there were valid penological reasons for the differing treatment of males and females in the policy, and that the case law was clear that Wise could not prevail on his claim. The trial court agreed, relying on *Poe v. Werner*, 386 F.Supp. 1014 (M.D.Pa.1974), which rejected an equal protection challenge under the United States Constitution to the Department's differential treatment of male and female hair length and dismissed the complaint. This appeal followed.[3]

Wise contends that the trial court erred in sustaining the demurrer because his claim is based upon the Pennsylvania Equal Rights Amendment, not upon the United States Constitution's equal protection clause,[4] under which the *Poe* analysis took place. Under the Equal Rights Amendment, he contends that there can be no distinction in hair length between male and female prisoners.

The Pennsylvania Equal Rights Amendment states "[e]quality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual." This provision does not prohibit differential treatment among the sexes when that treatment is reasonably and genuinely based upon physical characteristics unique to one sex. *Fischer v. Department of Public Welfare*, 509 Pa. 293, 502 A.2d 114 (1985).

While that may be the standard employed when viewing the application of the Equal Rights Amendment to a member of the general public, it does not apply to the same degree to a prisoner. A prisoner, by the very fact of his or her conviction and incarceration, has diminished civil rights. In *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987), the United States Supreme Court recognized that because of consideration of valid penological objectives such as deterrence of crime, rehabilitation of prisoners, and institutional security, prisoners do not share the same level of constitutional rights as the general public. The Court then held that a prison regulation does not violate a prisoner's federal constitutional rights if it is reasonably related to a legitimate penological interest. This same standard was applied to a prisoner's claim of discrimination under the Texas Equal Rights Amendment [5] in *Morris v. Collins*, 916 S.W.2d 527 (Tex.Ct.App.1995).

In *Morris*, as here, a prisoner challenged a prison regulation which restricted the hair length of male prisoners but not female prisoners as violative of the Texas Equal Rights Amendment. The Court of Appeals for Texas adopted the standard of review set forth in *O'Lone*, and, concluding that the regulation was reasonably related to legitimate penological interests such as security, health and safety, affirmed the dismissal of the complaint. We adopt the same standard and will uphold a prison regulation limiting a prisoner's constitutional rights under Pennsylvania's Equal Rights Amendment if

1. Pa.Const. Art I, § 28.

2. Wise also asserted in the second count of his complaint that the policy violated his rights under Article 1, Section 26 of the Pennsylvania Constitution which forbids the Commonwealth to engage in discrimination. The trial court rejected this argument and because Wise has abandoned this argument on this appeal, we will not detail his contentions before the trial court in this regard.

3. "Our scope of review of a challenge to the sustaining of preliminary objections in the nature of a demurrer is whether on the facts averred, the law states with certainty that no recovery is possible. The court must accept as true all well-pleaded allegations and material facts averred in the complaint, as well as reasonable inferences therefrom and any doubt should be resolved in favor of overruling the demurrer." (citations omitted). *Hawks by Hawks v. Livermore*, 157 Pa.Cmwlth. 243, 629 A.2d 270, 271 n. 3 (1993).

4. U.S. Const. amend. XIV, § 1.

5. The Texas Equal Rights Amendment states "[e]quality under the law shall not be denied or abridged because of sex, race, color, creed or national origin. This amendment is self-operative." Tx. Const. Art I, § 3a.

that regulation is reasonably related to a legitimate penological objective.

 Here, the stated purpose of the Department's policy is to advance security, health and hygiene. Whether this regulation advances these purposes was previously litigated in *Poe*, wherein the United States District Court was presented with the question of whether the Department's policy of hair length restrictions for females and not for males violated the federal equal protection clause. The court concluded that there were legitimate security reasons for the differential treatment because of the differing physical characteristics of male and female inmates, stating:

> [S]ince men and women differ physically and psychologically, the court believes that prison administrators are free to give differential treatment to male and female inmates based on perceived natural and practical differences. In the instant case the penal authorities could reasonably conclude that the greater aggressiveness and disposition toward violent action frequently displayed by male prisoners makes institutional security, maintenance of internal discipline and prevention of homosexual attacks—penal goals which the hair regulation furthers—a much greater problem in men's prisons than in the women's correctional institution. Likewise the greater importance of personal appearance to women than men largely eliminates any hygienic problems with respect to long hair of female inmates. In short, there is a validating relationship between the varying behavioral patterns of the two sexes and the regulatory distinction between the sexes with respect to hair length.

*Poe*, 386 F.Supp. at 1020–21.[6] Because the Department's regulation is reasonably related to a legitimate penological interest, it does not violate Wise's rights under Pennsylvania's Equal Rights Amendment and, accord-

ingly, we affirm the decision of the trial court.[7]

## ORDER

AND NOW, this 11th day of March, 1997, the order of the Court of Common Pleas of Cumberland County dated September 18, 1996, at No. 96–1051 Civil Term is affirmed.

---

**6.** *See also Dreibelbis v. Marks*, 742 F.2d 792 (3d Cir.1984), holding that the Department's hair length restrictions were based on valid security concerns and constituted a constitutionally permissible restriction on inmates' First Amendment rights.

**7.** Wise also argues that *Poe* is inapplicable because, since that time, the Department modified the hair length restriction to allow exceptions for religious beliefs. However, Wise offers no reason, and we know of none, why the allowance of an exception eliminates the Department's interest in promoting security in the prison through the use of hair length restrictions.