Cappy **ASCHEIM**, Petitioner,

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,** Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 21, 1997.

Decided April 22, 1997.

Reconsideration Denied June 19, 1997.

Cappy Ascheim, petitioner, for himself.

Sarah C. Yerger, Assistant Counsel, and Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before COLINS, President Judge, FLAHERTY, Judge, and NARICK, Senior Judge.

PER CURIAM.

The issue before this Court requires us to *examine what is required for predating* in certain unemployment compensation cases.

Cappy Ascheim (Claimant) appeals from the order of the Unemployment Compensation Board of Review (UCBR) that affirmed the referee's denial of predating Claimant's benefits. We affirm.

Claimant filed for unemployment compensation benefits effective September 24, 1995, following his separation from Sachs Real Estate Company. The Pennsylvania Job Service initially denied Claimant benefits which Claimant timely appealed. Upon filing his appeal the Job Service informed Claimant that he should continue signing for benefits while his appeal was in process. Claimant continued to file for claims through September 16, 1995, the date he commenced self-employment. The self-employment continued through January 24, 1996. Claimant did not file claims even after terminating self-employment.

On February 6, 1996, Claimant's father died. Claimant became actively engaged in numerous estate and family matters and did not engage in any self-employment activities through April 27, 1996. Claimant still did not file claims for unemployment compensation benefits. However, on April 2, 1996,

following hearings the referee reversed the Job Service determination and granted Claimant benefits.

On April 30, 1996, Claimant contacted the Job Service to discuss his request for predating his claim for weeks for which he had not filed for benefits. Claimant's request for predating was denied by the Job Service for compensable weeks ending February 17, 1996, through April 13, 1996. Because Claimant did not request predating until May 1, 1996 and because his father died on February 6, 1996, the predating request was denied pursuant to Section 401(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(b) and 34 Pa.Code § 65.33. On appeal, the UCBR affirmed.

■ On appeal to this Court,[1] Claimant identifies certain infirmities which he claims prejudiced him as well as challenging the UCBR's denial of predating due to his father's death. Claimant's acerbic pro se brief claims that an ex parte communication existed between a Job Service representative and the referee. This alleged ex parte communication was a note on a document which was entered into evidence and became part of the record. This note cannot be considered any type of ex parte communication and in no way violated Claimant's rights as it was entered into evidence. Claimant also points to the use of an incorrect zip code on his decision as being "illegal" (Claimant's brief at 18) and "insane." *Id.* at 19. These claims cannot be considered more than harmless typographical errors which did not prejudice Claimant as he received the UCBR's decision allowing him to file a timely appeal.

■ The real issue, thus, is whether the UCBR erred in failing to give Claimant two weeks of predating because of his father's death.

Section 401 of the Law lists four qualifications which must be satisfied by Claimant before becoming eligible for unemployment compensation. Section 401 states:

Compensation shall be payable to any employee who is or becomes unemployed, and who—

(a) has, within his base year, been paid wages for employment as required by Section 404(c) of this Act . . .

(b) has registered for work at, and therefore continued to report to an unemployment office in accordance with such regulations as the Secretary may prescribe, . . .

(c) has made a valid application for benefits with respect to the benefit year for which compensation is claimed and has made a claim for compensation in the proper manner and on the form prescribed by the department;

(d)(1) is suitable to work and available for suitable work. . . .

Although the Job Service may grant or deny unemployment compensation benefits to Claimant based on many other sections of the Law, a claimant must at all times satisfy the above four qualifications during the entire period in which he is collecting unemployment compensation benefits. If, at any time, even during his benefit year, the Department discovers that a claimant no longer satisfies one of the four qualifications, that claimant may no longer be eligible for benefits.

Further, regulations also dictate the filing of claims. 34 Pa.Code § 65.31 states:

Filing.

Claims for compensation shall be filed personally by the claimant on official forms available for that purpose at local public employment offices, Monday through Friday, unless closed due to a holiday or by official pronouncement.

34 Pa.Code § 65.32 states:

Week of unemployment.

(a) The week of unemployment with respect to which any claim is filed shall be the calendar week preceding the week which includes the day on which such claim is actually or constructively filed; except for those individuals who are filing claims

---

1. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

for compensation for a period of unemployment which began prior to the effective date of this section shall continue to file claims the weeks of any seven consecutive days for as long as that period of unemployment continues and they are otherwise eligible.

(b) Notwithstanding the provisions contained in this section, the local offices shall insure that all claimants be scheduled to report for the purpose of processing the first compensable week of their application on the first local office work day possible within the applicable time limits of the section regardless of the last digit of their social security number. Thereafter, claimants may be rescheduled in accordance with the digit reporting schedule.

Thus, these regulations provide that claims for compensation shall be filed personally by claimant at local offices for each week of unemployment on official forms available at local offices. *Zinicola v. Unemployment Compensation Board of Review,* 47 Pa. Cmwlth. 154, 407 A.2d 474 (1979).

The only exceptions to these reporting requirements, which require weekly reporting by claimants in order to be eligible, are found at 34 Pa.Code § 65.33. This regulation lists eight circumstances under which claimants may be permitted to predate their claims for benefits. The subsection which concerns this claim is 34 Pa.Code § 65.33(a)(5), which states:

Predating.

(a) A claim for a week of total, partial, or part-total unemployment may be deemed to be constructively filed as of the first day of a calendar week previous to the week which includes the day on which it is actually filed when, in the opinion of the Bureau, the claimant was prevented, through no fault of his own, from filing his claims during the week immediately subsequent to the week for which the claim is filed because of one or more of the following reasons:

(5) sickness or death of another member of the claimant's immediate family or an act of God shall permit not more than two weeks of predating, provided the claimant was available for work during the week for which the claim is being filed.

Claimant here, alleges that he is entitled to two weeks of predating, under Regulation 65.33(a)(5), because his father died. However, that regulation gives claimants only a two-week reprieve to take care of family matters and does not excuse a five-month failure to file for benefits.

Claimant stopped filing for benefits in December 1995, due to self-employment. Although that self-employment ended in January 1996, Claimant chose to not begin filing again until May 1996. Under Regulation 65.33(a)(5), Claimant would have had to file by mid-April at the very latest, in order to get the two weeks of pre-dating that he requests. Because Claimant did not report for three months after the death of his father he failed to follow the reporting requirements and thus, we hold that the UCBR correctly affirmed the referee's denial of predating to Claimant.

Accordingly, we affirm.

### PER CURIAM ORDER

AND NOW, this 22nd day of April, 1997, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.