Marci M. SCHNEIDER, Petitioner

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 16, 2010.
Decided June 18, 2010.

David P. Olslund, Arnold, MD, for petitioner.

James K. Bradley, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, and BROBSON, Judge and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Marci M. Schneider (Claimant) petitions for review from an order of the Unemployment Compensation Board of Review (Board) which affirmed the decision of a referee denying Claimant unemployment benefits concluding that Claimant was engaged in self-employment under Section 402(h) of the Unemployment Compensation Law (law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(h). We affirm.

▪ Claimant filed an application for unemployment compensation benefits effective January 4, 2009, indicating that Treadwell Law Offices (Treadwell) was her last employer from February 1, 2003 to January 6, 2009. The job center granted Claimant benefits and Treadwell appealed. A hearing was conducted before a referee after which the referee issued a decision denying Claimant benefits concluding that Claimant was self-employed. Claimant appealed to the Board, which adopted the findings of the referee and affirmed the decision. The relevant findings are as follows:

1. The claimant is a licensed attorney.

2. In 2003, the President of Treadwell Law Offices (Treadwell) approached the claimant to help with researching, drafting complaints and other work related to his position as solicitor to several municipalities.

3. Treadwell initially sent files to the claimant for her to work on and she billed Treadwell monthly at $35.00 per billable hour.

4. While performing work for Treadwell, the claimant continued to perform services for her own clients.

5. From 2005, the work that the claimant performed for Treadwell increased and the claimant began to scale back her work for private clients.

6. By 2007, the claimant was deriving all of her income from services performed for Treadwell.

7. In part because of increasing work for the claimant, at some point in 2005, Treadwell gave the claimant use of an office in his facility.

8. The office was equipped with a telephone, dictation equipment and other office equipment that was provided and paid for by Treadwell.

9. By 2007, the claimant had vested herself entirely of private clients and exclusively performed services for Treadwell.

10. The claimant requested to be paid weekly and came to an agreement with Treadwell in which she was paid weekly for twenty hours at $55.00 per hour ($1100.00 per week). At the end of each month, the claimant presented Treadwell with an invoice or spreadsheet to reconcile her hours, be paying for hours short or be paid for hours over twenty per week.

11. Throughout the course of her association with Treadwell, the claimant was free to accept other clients and perform services in her capacity as an attorney.

12. The claimant asserts that she was effectively barred from doing private work because Treadwell's work consumed all of her time.

13. The claimant asserts that because of Treadwell's frequent and prolonged absence from the office for health reasons, she was effectively required to be at the office or available to staff during office hours and she essentially ran the office during various periods from 2006 to 2008.

14. Treadwell did not require the claimant to work specific hours, to vest herself of private clients or run Treadwell's office.

15. Treadwell did not pay expenses to the claimant, give or require training, require specific hours of work or pre-vent the claimant from performing services as an attorney elsewhere.

16. Treadwell did not withhold taxes from claimant's renumeration [sic].

17. Each year Treadwell issued the claimant a form 1099 reflecting the payments made to the claimant for her hours of work.

18. The claimant was paid only for work that was considered billable hours by Treadwell.

19. Treadwell did not supervise the claimant as to the method or manner by which she performed her work.

Based on the above, the Board agreed with the referee that Treadwell met its burden of proving that Claimant was an independent contractor and thus ineligible for benefits. This appeal followed.[1]

Initially, Claimant maintains that substantial evidence does not support the Board's determination that Treadwell met its burden of proving that Claimant was an independent contractor. In accordance with Section 402(h) of the Law, an individual is ineligible for benefits for any week in which she is engaged in self-employment. Self-employment is not defined in the law. However, Section 4(*l*)(2)(B) of the Law, 43 P.S. § 753(*l*)(2)(B) defines employment as:

Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that (a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b)

---

**1.** This court's review is limited to determining whether constitutional rights were violated, errors of law were committed or whether necessary findings of fact are supported by substantial evidence. *York Newspaper Company v. Unemployment Compensation Board of Review*, 160 Pa.Cmwlth. 475, 635 A.2d 251 (1993), *petition for allowance of appeal denied*, 538 Pa. 652, 647 A.2d 906 (1994).

as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

There is a presumption that one who performs services for wages is an employee and not an independent contractor. *Krum v. Unemployment Compensation Board of Review,* 689 A.2d 330, 332 (Pa.Cmwlth. 1997). This presumption can be overcome if an employer sustains its burden in proving that "a claimant was (a) free from control and direction in the performance of the work, where the ability to control and not actual control is determinative; and (b) as to such services, was customarily engaged in an independent trade or business." *Id.*

■ As to the first element, that of control, a court may consider many factors including whether there was a fixed rate of remuneration, whether taxes were deducted from the claimant's pay; whether the presumed employer provided equipment and/or training; whether the presumed employer set the time and location of the work.; whether the presumed employer had the right to monitor the claimant's work and review his performance and the requirements and demands of the presumed employer. *Resource Staffing, Inc., v. Unemployment Compensation Board of Review,* 995 A.2d 887, 890, n. 6 (Pa. Cmwlth.2010).

Looking at the totality of the circumstances, we agree with the Board that Treadwell did not control or have the authority to control Claimant's work or manner of work. Treadwell did not require Claimant to work specific hours. Claimant was free to accept work from other clients. Treadwell did not pay Claimant's expenses. Treadwell did not supervise Claimant in the performance of her work or provide her training and no taxes were deducted form Claimant's pay. Although

Treadwell did provide Claimant with an office, such was offered as a courtesy and would have been standing idle in any event. Claimant continued to have the option of working from her home or any other location.

Concerning the period from 2006 to 2008 when Claimant maintains that she was effectively running the office due to Treadwell's medical condition which necessitated his absence from the office, the Board specifically found that Treadwell did not require Claimant to run his business in his absence. (Board's F.F. No. 14.) Claimant voluntarily performed the task and the testimony of Treadwell supports the findings that Treadwell did not require Claimant to do so.

■ As to the second element, of whether Claimant conducts her legal services as an independently established business, the courts have identified two important factors: "(1) whether the individual was capable of performing the activities in question for anyone who wished to avail themselves of the services; and (2) whether the nature of the business compelled the individual to look to only a single employer for the continuation of such services." *Beacon Flag Car Company v. Unemployment Compensation Board of Review,* 910 A.2d 103, 108–109 (Pa.Cmwlth.2006).

Contrary to the Board's determination, Claimant maintains she was not engaged in an independent trade or business because she derived all of her income from Treadwell and she did not have any other business. As found by the Board, however, Claimant was not compelled to look to one employer for the continuation of services. Claimant had previously maintained her own clients and Treadwell never prevented her from continuing to do so. Although Claimant accepted additional work from Treadwell, it was her decision

to make and Treadwell did not prevent her from performing legal work for others.

Claimant also argues that it was error to credit the testimony of Treadwell because in its employer questionnaire, Treadwell referenced documents which Treadwell did not introduce at the hearing. Credibility issues and evidentiary weight, however, are within the discretion of the Board. *Peak v. Unemployment Compensation Board of Review,* 509 Pa. 267, 501 A.2d 1383 (1985).

Additionally, Claimant alleges that a representative from the Department of Labor, Office of Unemployment Compensation Tax Services, through the Field Accounting Service investigated the relationship between Treadwell and Claimant in a different matter and that it was error for a representative not to attend the hearing. If Claimant thought the attendance of a representative was necessary, Claimant should have requested that a subpoena be issued in accordance with 34 Pa.Code § 101.31. Moreover, the record reflects that Claimant did not object to the absence of the tax representative at the referee's hearing. Issues not raised before a referee are waived. *Watkins v. Unemployment Compensation Board of Review,* 751 A.2d 1224 (Pa.Cmwlth.2000).[2]

Finally, Claimant alleges that she was not provided a full and fair hearing. A review of the record indicates, however, that Claimant had counsel present and that counsel was permitted to cross-examine Treadwell. As such, we find no error.

In accordance with the above, the decision of the Board is affirmed.

### ORDER

Now, June 18, 2010, the order of the Unemployment Compensation Board of Review, in the above-captioned matter, is affirmed.

---

2. Any testimony from the tax representative would be immaterial inasmuch as a *quid pro quo* relationship of employer and employee contributions to eligibility for compensation benefits does not exist within the purposes of the Law. *Riley v. Unemployment Compensation Board of Review,* 100 Pa.Cmwlth. 476, 515 A.2d 81 (1986).