**[J-62-2018] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | | |
|---|---|---|---|
| DANIEL HARMON, | | : | No. 37 EAP 2017 |
| | | : | |
| | Appellant | : | Appeal from the Order of |
| | | : | Commonwealth Court entered on 06- |
| | | : | 07-2017 at No. 787 CD 2015 affirming |
| | v. | : | the decision entered on 4-15-2015 by |
| | | : | the Unemployment Compensation |
| | | : | Board of Review at No. B-577458. |
| UNEMPLOYMENT COMPENSATION | | : | |
| BOARD OF REVIEW, | | : | ARGUED: September 25, 2018 |
| | | : | |
| | Appellee | : | |

**DISSENTING OPINION**

**JUSTICE MUNDY**                                    **DECIDED: April 26, 2019**

Section 402.6, titled "Ineligibility of Incarcerated Employe," of the Unemployment Compensation Act, states "[a]n employe shall not be eligible for payment of unemployment compensation benefits for any weeks of unemployment during which the employe is incarcerated after a conviction." 43 P.S. § 802.6(a). Despite the ambiguity analysis of the word "during" espoused by the Majority, in my view, a plain reading of this statute is unambiguous. *See* 1 Pa.C.S. § 1921 ("[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.") An individual incarcerated during any week he or she is unemployed is ineligible for unemployment compensation benefits. Instantly, Appellant was incarcerated two days each subject week, occurring during the week, not before the week, not after the week.

In addition to my disagreement with the Majority's determination of ambiguity, I also note my disagreement with the Majority's analysis of legislative intent. The conclusion promulgated by the Majority is that "the General Assembly intended "during," as used in Section 402.6, to mean 'throughout the duration of' such that the statute's disqualification provision applies only in circumstances where an individual is incarcerated due to a conviction for the entire week in which he claims to be eligible to receive unemployment compensation benefits." Majority Op. at 23. In my view, the legislative history does not support such a narrow reading.

As noted by the Majority, the statute originates from the realization that incarcerated individuals on work release were collecting unemployment compensation benefits. In *Kroh v. UCBR*, 711 A.2d 1093 (Pa. Cmwlth. 1998), the Commonwealth Court held the statute was constitutional and various rational bases supported the statute's enactment. *Kroh*, 711 A.2d at 1096. Therein, the court explained that the "General Assembly had a legitimate reason not to want prisoners who were incarcerated and living at taxpayers' expense to receive unemployment just because they were eligible for work release." *Id.* It noted that prisoners on work release may not be deemed "sufficiently available for work so as to permit them to have a full range of employment options that other claimants have in pursuing new employment." Additionally, "in denying a prisoner unemployment, the General Assembly could have sought to advance the valid legislative goal of deterrence of criminal activity by the denial of unemployment benefits to those who have violated the law and are in prison." *Id.* Section 402.6 has also been addressed in the context of home arrest. In *Chamberlain v. UCBR*, 114 A.3d 385 (Pa. 2015), this Court held a sentence of house arrest did not preclude an individual from receiving unemployment compensation benefits. Critical to this Court's analysis was the definition of "incarceration." In so analyzing, this Court noted that an individual serving a sentence

of house arrest is not incarcerated, stating "we merely rule that house arrest does not constitute 'incarceration.'" *Id.* at 399.

The circumstances surrounding work release and home monitoring were clearer than those we now face, as the purportedly "incarcerated" individual resided consistently in one place. Here, for the first time, we are faced with a scenario involving partial confinement, a hybrid of 48 hours of physical incarceration, and 120 hours of non-incarceration, in each week. At a minimum, it must be recognized that the circumstances of this case do not fit squarely within any of the factual circumstances that have previously presented themselves in the body of case law that has developed in this area. Appellant is undoubtedly incarcerated for 48 hours each week.

The Majority concludes the Commonwealth Court erred in determining deference to the Board was warranted. As noted by Chief Justice Saylor in his concurring opinion, some deference is due the Board. Concurring Op. at 1. It is well settled that "[a]n interpretation by the agency charged with the administration of a particular law is normally accorded deference, unless clearly erroneous." *Harkness v. UCBR*, 920 A.2d 162, 171 (Pa. 2007), *citing Tritt v. Cortes,* 851 A.2d 903, 905 (Pa. 2004); *Winslow–Quattlebaum v. Maryland Ins. Group,* 752 A.2d 878, 881 (Pa. 2000). As the Commonwealth Court noted, "[t]he Board's interpretation, which relies on one of two equally reasonable definitions of the term 'during,' is not clearly erroneous[.]" Cmwlth. Ct. Op., 6/7/17, at 8.

At each level of review, a plain reading of the statute led to the conclusion Appellant was incarcerated during the week. First, the Unemployment Compensation Claims Examiner (Examiner) from the Erie Unemployment Compensation Service Center conducted an investigation to determine if Appellant was incarcerated during the period of time he received unemployment compensation benefits. The Examiner determined Appellant had received benefits for weeks "during which" he was incarcerated after a

conviction. Next, Appellant appealed and an Unemployment Compensation Referee (Referee) held a hearing, affirming the Service Center's determination. The Referee found "Section 402.6 of the Law makes [Appellant] ineligible for benefits due to his conviction and incarceration during the weeks at issue in this appeal." Referee Decision and Order, 9/26/14 at 2. Appellant then appealed to the Unemployment Compensation Board of Review (Board) which ruled "Section 402.6 of the Law states that a claimant is disqualified for any weeks in which he is incarcerated after a conviction. The record is clear that the claimant spent a portion of each of the weeks at issue confined to the Philadelphia County prison system." Board Order, 4/15/15, at 1. Finally, Appellant appealed to the Commonwealth Court, and a majority of the Court affirmed.

Rather than deferring to the reasonable interpretation advanced by the agency charged with administering the law, the Majority has determined "during" was intended to be read to mean "'throughout the duration of' such that the statute's disqualification provision applies only in circumstances where an individual is incarcerated due to a conviction for the entire week in which he claims to be eligible to receive unemployment compensation benefits." Majority Op. at 23. From the legislative history, one clear ascertainable intent of the legislature was to preclude individuals on work release from obtaining unemployment compensation. The statute, however, was not titled "ineligibility of incarcerated employe subject to work release," nor does the statute ever mention, or expressly limit its application to work release. As such it can be inferred the statute was intended to encompass more scenarios than work release. Accordingly, I am inclined to agree with the decision of the Commonwealth Court, consistent with the reasoning supplied by the Examiner, Referee, and the Board, and would defer to the Board as its reasoning is not erroneous.

Because Appellant was incarcerated for two days each week, and I cannot reconcile how Appellant was not incarcerated "during" the week, I would conclude Appellant was ineligible for unemployment compensation benefits. Accordingly, I dissent. If indeed the Board's definition, to which I believe this Court should grant deference, was the intended definition, this is a matter for the General Assembly to remedy.